

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

YUVAL RUBINSTEIN
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-2467
Fax: (212) 356-2439
E-mail: yrubinst@law.nyc.gov

March 1, 2016

VIA ECF
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:   Michael Birch v. City of New York, et al.
                 16 Civ. 00034 (BMC)

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent defendants the City of New York, New York City Police Department ("NYPD") Commissioner William J. Bratton, former Commissioner Raymond W. Kelly, Chief Joseph Fox, and Captain Constantin G. Tsachas ("defendants") in this action.  Plaintiff, who is employed by the NYPD as a police officer, brings a First Amendment claim pursuant to 42 U.S.C. § 1983 and a parallel freedom of speech claim under the New York State Constitution.   Defendants write to request respectfully a pre-motion conference concerning their anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A.**      **Background**

      Plaintiff alleges that in 2011, he was pressured to meet numerical "performance goals" for arrests and summons while assigned to Transit District No. 34.  Complaint ¶42. Plaintiff claims that he complained about these "performance goals" to Sergeant Richard Healy. *Id.* ¶¶50-57.  Plaintiff further claims that in 2012, he was given a negative Interim Performance Evaluation and placed on Level 1 Performance Monitoring by Captain Tsachas due to his "lack of activity."  *Id.* ¶¶58-59, 71-72.

      Plaintiff alleges that in September 2012, he was placed on Modified Duty under the "authority" of Chief Fox for making false and misleading statements about entries in a notebook.  Complaint ¶80.  Between September 2012 and February 2014, plaintiff claims he did not have any performance problems.  *Id.* ¶88.  In February 2014, plaintiff was served with formal Charges and Specifications concerning the false entries in the notebook.  *Id.* ¶93.  Plaintiff was

served with additional Charges and Specifications in September 2015 based upon his "mishandling [of] a domestic violence assignment." *Id.* ¶97.

### B. Plaintiff's Claims Accruing Prior to January 5, 2013 Are Time-Barred

The statute of limitations for a First Amendment claim brought under Section 1983 is three years. *See Smith v. Campbell*, 782 F.3d 93, 99-100 (2d Cir. 2015). A three-year limitations period is also applicable to plaintiff's parallel claim under the State Constitution. N.Y. Civ. Prac. Law & Rules § 214(2). The Complaint was filed on January 5, 2016. Accordingly, all claims accruing prior to January 5, 2013 are barred by the statute of limitations.

### C. The Individual Defendants Should Be Dismissed

#### 1. The Complaint Fails to Sufficiently Allege Personal Involvement

Plaintiff's First Amendment claims against the four individual defendants should be dismissed for failure to sufficiently allege their "personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). The Complaint does not allege that Commissioner Bratton or former Commissioner Kelly were in any way involved in the specific events alleged in the Complaint. *See Olivo v. City of New York*, 14-4966 (ERK), 2015 U.S. Dist. LEXIS 101957, at *6 (E.D.N.Y. Aug. 4, 2015)(dismissing Commissioner Kelly because complaint did not contain factual allegations demonstrating how Commissioner Kelly "personally contributed to [plaintiff's] constitutional deprivations"). Both defendants should be dismissed in their personal capacities.

The Complaint also fails to sufficiently allege the personal involvement of Chief Fox and Captain Tsachas. A careful reading of the Complaint demonstrates that all factual allegations involving these two defendants occurred prior to January 5, 2013. Complaint ¶¶42-85 (alleging actions involving Captain Tsachas beginning in 2011 through October 2012); ¶80 (alleging placement on Modified Assignment in September 2012 under "authority" of Chief Fox). Plaintiff cannot shoehorn these two defendants into this lawsuit by relying solely upon time-barred events.

#### 2. The Individual Defendants Should be Dismissed on the Basis of Qualified Immunity

The individual defendants are entitled to qualified immunity unless plaintiff can demonstrate that their alleged actions violated "clearly established" constitutional rights. *Lewis v. Cowen*, 165 F.3d 154, 166 (2d Cir. 1999). The Second Circuit has emphasized that in First Amendment cases, "[t]he relevant inquiry is not whether the defendants should have known that there was a federal right, in the abstract, to 'freedom of speech,' but whether the defendants should have known that the *specific actions complained of* violated the plaintiff's freedom of speech." *Id.* at 166-67 (emphasis added).

The crux of plaintiff's First Amendment claim is that he was subjected to retaliatory actions after complaining in 2011 about purported "performance goals" relating to

arrests and summons.  But it was not "clearly established" during this time period that plaintiff's complaint about these purported "goals" constituted protected speech under *Garcetti v. Ceballos*, 547 U.S. 410 (2006).  The Second Circuit only held in February 2015 – several years after plaintiff's alleged complaint in 2011 – that such speech could, in certain circumstances, provide the basis for a First Amendment claim.  *See Matthews v. City of New York*, 779 F.3d 167 (2d Cir. 2015).  Because it was not "beyond debate" that plaintiff was engaging in protected speech in 2011, *Lane v. Franks*, 134 S.Ct. 2369, 2383 (2014), the individual defendants are shielded by qualified immunity.

D.  **The Complaint Fails To State A Plausible First Amendment Claim**

"To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a plaintiff must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)(internal quotation marks omitted).  Assuming, for purposes of this motion, that plaintiff engaged in protected speech and incurred an adverse action, the Complaint should be dismissed for failure to allege the requisite causal connection.

Plaintiff alleges that he did not experience any "performance problems" between late September of 2012 and February 2014.  Complaint ¶88.  This lack of temporal proximity between plaintiff's alleged 2001 complaint and the alleged retaliation during the limitations period severs any causal connection.  *See Kugler v. Donahoe*, 11-648 (RRM), 2014 U.S. Dist. LEXIS 34588, at *26-27 (E.D.N.Y. Mar. 17, 2014)("a passage of two months between the protected activity and the adverse employment action defeats any inference of a causal relationship between the two activities").  In short, plaintiff's own pleading demonstrates that his First Amendment claim is deficient as a matter of law.  Because the Complaint fails to state an underlying First Amendment claim, plaintiff's Section 1983 claim against the City of New York should be dismissed.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Henry v. City of New York,* 2016 U.S. App. LEXIS 2999, at *4 (2d Cir. Feb. 22, 2016).

E.  **Plaintiff's Freedom Of Speech Claim Under the New York State Constitution Should Be Dismissed**

Plaintiff brings a freedom of speech claim under the New York State Constitution that mirrors his First Amendment claim.  But "[i]t is a common view among District Courts in this Circuit…that there is no right of action under the New York State Constitution for claims that can be brought under § 1983."  *See Gounden v. City of New York*, 14-7411 (BMC), 2015 U.S. Dist. LEXIS 134887, at *13-14, n.3 (E.D.N.Y. Oct. 2, 2015).  Plaintiff's claim under the State Constitution should therefore be dismissed.

Defendants thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/
        Yuval Rubinstein
        Assistant Corporation Counsel

cc: Eric Sanders, Esq. (via ECF)