—THE—
**SANDERS FIRM,** PC

New York City Office
230 Park Avenue, Suite 1000
New York NY 10169
B: 212-808-6515
F: 212-729-3062

Yonkers Office
73 Market Street, Suite 376
Yonkers NY 10710
B: 914-226-3400
F: 914-920-3192

March 10, 2016

Honorable Brian M. Cogan
United States District Court for the Eastern District of New York
225 Cadman Plaza
Brooklyn, N.Y. 11201

                                        Michael Birch v. City of New York,
                                        et al. 16 cv 00034 (BMC)

Dear Judge Cogan:

      I represent plaintiff and hereby respond to defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX and CONSTANTIN G. TSACHAS'S pre-motion letters outlining the basis of a proposed Rule 12 Motion to Dismiss this action. After reading the pre-motion letter, plaintiff vigorously opposes as this matter is analogous to the Second Circuit decision in Matthews v. City of New York, 779 F.3d 167 (2d Cir. 2015). This matter can only be resolved by a jury.

**A.**      **Background of the Action**

      Plaintiff self identifies as a White Hispanic[1] male employee of the NYPD. ¶ 23. Plaintiff alleges according to NYPD data, since 2002, more than five (5) million citizens were stop, questioned and frisked. ¶ 28. Plaintiff alleges the overwhelming majority, close to ninety (90) percent of the citizens forcibly stopped were released having committed no chargeable felony or misdemeanor offense under the New York State Penal Law. ¶ 29.

      Plaintiff alleges in November 2010, the NYPD through its Legal Bureau issued guidance to employees of the NYPD, which in essence "flaunts" the broad reach and protections of New York State Labor Law § 215-a, by claiming supervisors can set "performance goals." ¶ 35. Plaintiff alleges "performance goals" are just illegal "quotas" cloaked in different language. ¶ 36. Plaintiff alleges defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX; CONSTANTIN G. TSACHAS and their agents continue to enforce illegal "performance goals" to this day despite its detrimental impact upon citizens of color. ¶ 37.

      Plaintiff alleges until he challenged the illegal "performance goals" implemented within the Transit District No.: 34, he consistently received positive annual reviews. ¶ 41. Plaintiff alleges in December 2011 Sergeant Richard Healy (Caucasian Male) told him defendant

---

[1] Since race is a factor, plaintiff's claims are still timely subject to a four (4) year statute of limitation. See William Ortiz v. The City of New York, 755 F.Supp.2d 399 (2010).

CONSTANTIN G. TSACHAS wanted he and Lieutenant Paul Ng (Asian Male) to negatively rate him on his upcoming Yearly Performance Evaluation due to his "lack of arrest and summons activities." ¶¶ 50-58. Plaintiff was also subjected to a wide range of punishment including undesirable assignments, loss of overtime and denial of requested days off since December 2011. ¶¶ 42-96.

Plaintiff alleges on February 24, 2014, he received formal Charges and Specifications regarding the notebook incident inside of the Transit District No.: 34 Omega Booth. ¶ 93. Plaintiff alleges out of more than thirty (30) police officers interviewed about the notebook incident, he is one of the few officers to receive Charges and Specifications. ¶ 94. Plaintiff alleges on September 16, 2015 he received formal Charges and Specifications regarding mishandling a domestic violence assignment. ¶ 97.

B. **Defendant's Anticipated Motion and the Applicable Pleading Standard After Bell Atlantic v. Twombly**

"[T]o defeat a motion to dismiss or a motion for judgment on the pleadings in a First Amendment Retaliation case, a plaintiff must establish that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Matthews at 779 F.3d at 172. (Quoting Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir. 2011).

Here, plaintiff has alleged more than sufficient facts to state a claim for relief. This as in other Rule 12 motions, defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX; CONSTANTIN G. TSACHAS are simply trying to distract the Court into implementing a heightened pleading requirement when there is no such requirement under the law.

Therefore, since plaintiff has alleged more than sufficient facts to state a claim for relief, the Court must deny defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX; CONSTANTIN G. TSACHAS'S Rule 12 Motion to Dismiss for failure to state a claim.

1. **Plaintiff States a Claim for First Amendment Retaliation**

A plaintiff asserting a First Amendment retaliation claim must establish that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Matthews, at 779 F.3d at 172. (Quoting Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir. 2011). To demonstrate a causal connection "a plaintiff must show that the protected speech was a substantial motivating factor in the adverse employment action." Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 167 (2d Cir. 2006). A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action. Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004).

A court conducts a two-step inquiry to determine whether a public employee's speech is protected: "The first requires determining whether the employee spoke as a citizen on a matter of public concern." Matthews, 779 F.3d at 172. (Quoting Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006); see also Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cnty., 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)). This step one inquiry in turn encompasses two separate subquestions: "(1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke 'as a citizen' rather than solely as an employee." Matthews, 779 F.3d at 172. (Quoting Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011); see also Garcetti, 547 U.S. at 420-22). If the answer to either question is no, that is the end of the matter. If, however, both questions are answered in the affirmative, the court then proceeds to the second step of the inquiry, commonly referred to as the Pickering analysis: whether the relevant government entity "had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer." Matthews, 779 F.3d at 172. (Quoting Lane v. Franks, 134 S.Ct. 2369, 2380, 189 L. Ed. 2d 312 (quoting Garcetti, 547 U.S. at 418); see also Pickering, 391 U.S. at 568.

Here, defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX; CONSTANTIN G. TSACHAS doesn't even discuss the aforementioned analysis. Quite frankly, plaintiff's complaints are of public concern and he spoke as a citizen as in Matthews. As a result of plaintiff's complaints, defendants' retaliated against him. If questioned, defendants' would be hard-pressed to argue, plaintiff's complaints are not of public concern, he didn't speak as a citizen, and there is no causal connection between his speech and the employment actions taken against him. In other words, plaintiff's complaints were not of public concern, his complaints were within the scope of his duties and responsibilities as a police officer (already rejected in Matthews) and they would've taken all of the aforementioned actions against him absent his complaints.

Therefore, since plaintiff has plausibly stated a claim for First Amendment Retaliation defendants' motion must be denied.[2]

## C. Conclusion

Therefore, since plaintiff has alleged more than sufficient facts to state a claim for relief, the Court must deny defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; WILLIAM J. BRATTON; JOSEPH FOX; CONSTANTIN G. TSACHAS'S Rule 12 motion to dismiss for failure to state a claim.

Respectfully submitted

Eric Sanders (ES0224)

cc: ES/es

---

[2] Plaintiff will voluntarily withdraw Count II

3